**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4758**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TRYONE ELGERALCA BRIDGERS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. James C. Fox, Senior
District Judge. (5:01-cr-00150-F-1)

Submitted: January 28, 2011          Decided: March 2, 2011

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tryone Elgeralca Bridgers pled guilty to bank robbery and was sentenced to 151 months of imprisonment and a three-year term of supervised release. This sentence was later reduced to eighty-four months based on Bridgers' substantial assistance to the government. Thereafter, while on supervised release, Bridgers failed three urine screens for drug use. The district court revoked Bridgers' supervised release and sentenced him to twelve months of incarceration. Bridgers timely appeals from this sentence.[*] For the reasons that follow, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Bridgers' instant sentence falls within the statutory range and is not plainly unreasonable.

_____

[*] While incarcerated on the bank robbery conviction, Bridgers pled guilty to escape and was sentenced to twenty-one months of imprisonment and a three-year term of supervised release. Bridgers also had this second term of supervised release revoked and was sentenced to twelve months of imprisonment as part of his escape sentence. As conceded by appellate counsel, however, Bridgers failed to file a notice of appeal regarding this sentence. See generally Fed. R. App. P. 3(a) (regarding necessity of filing a notice of appeal). Thus, we do not address Bridgers' supervised release sentence that was imposed as part of his punishment for the escape conviction.

To the extent Bridgers properly preserved the issue of whether the district court adequately addressed his arguments at sentencing, we find no abuse of discretion in the district court's explanation. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (stating review standard); United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (same). The district court acknowledged that Bridgers' primary problem was his drug abuse (primarily cocaine), which began at age thirteen, resulted in his dishonorable discharge from the military, and resulted in the revocation of supervised release. Bridgers admitted to using cocaine while on supervised release the day after he completed a fourteen-day, in-patient drug treatment program.

The court attempted to sentence Bridgers to a sentence which would allow him to participate in the Bureau of Prisons' intensive 500-hour drug treatment program, but both defense counsel and Bridgers informed the court that Bridgers was not eligible for the program. We find that the district court adequately addressed its reasons for imposing the twelve-month sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). In addition, even if we were to find the district court abused its discretion in not adequately explaining Bridgers' sentence, we find that the Government has proven that any error was harmless. Lynn, 592 F.3d at 576.

3

The district court was faced with an obdurate drug addict, who, despite many chances, failed to cease his consumption of illegal substances. Nonetheless, the court specifically addressed 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors applicable to revocations of supervised release under 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2010), considered Bridgers' drug addiction, and sentenced him within the advisory Sentencing Guidelines range of eight to fourteen months. See U.S. Sentencing Guidelines Manual § 7B1.4(a) (2009). We apply a presumption of reasonableness to a sentence within that range on appeal. See Gall v. United States, 552 U.S. 38, 51 (2007); Rita v. United States, 551 U.S. 338, 359 (2007). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." Thompson, 595 F.3d at 547.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4